UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JUSTIN EDWARD LEWIS,

    Plaintiff,

v.

DAMON BROWN, et al,

    Defendants.

CASE NO. 3:18-cv-05826-RBL-TLF

REPORT AND RECOMMENDATION

Noting Date: March 8, 2019

This matter is before the Court on plaintiff's application to proceed *in forma pauperis* (IFP) and proposed civil rights complaint under 42 U.S.C. § 1983 (Dkts. 1, 1-1). Because of the deficiencies in the proposed complaint, the undersigned recommends that the Court deny plaintiff's application to proceed IFP and dismiss the complaint, with leave to file an amended complaint upon payment of the filing fee.

DISCUSSION

A.   *Standard of Review*

The district court may allow a litigant to proceed IFP upon the submission of a proper affidavit of indigency. *See* 28 U.S.C. § 1915(a). However, IFP status is a privilege not a right, and the district court has discretion to deny such status. *O'Laughlin v. Doe*, 920 F.2d 614, 616

(9th Cir. 1990); *Franklin v. Murphy*, 745 F.2d 1221, 1231 (9th Cir. 1984). The privilege of proceeding with a cause of action IFP should be permitted "only in exceptional circumstances." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).

The district court must screen actions filed by prisoners, and dismiss them *sua sponte* if they are frivolous or fail to state a claim on which relief may be granted. *Lopez v. Smith*, 203 F.3d 1122, 1126 (9th Cir. 2000) (citing 28 U.S.C. § 1915(e)(2)). A complaint is frivolous if it "lacks an arguable basis in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005). The term "frivolous" encompasses not only "inarguable legal" conclusions, but also fanciful factual assertions. *Neitzke*, 490 U.S. at 325; *Denton v. Hernandez*, 504 U.S. 25, 33 (1992) ("a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible").

A complaint fails to state a claim on which relief may be granted if it lacks a cognizable legal theory or if it fails to allege sufficient facts under a cognizable legal theory. *Woods v. U.S. Bank N.A.*, 831 F.3d 1159, 1162 (9th Cir. 2016). A claim is factually sufficient if the district court can reasonably infer from the claim that the defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint also fails to state a claim where a defense to its claims "is complete and obvious" from the face of the complaint or the court record. *Franklin*, 745 F.2d at 1228-1229.

Before the district court may dismiss the complaint as frivolous or for failure to state a claim, the prisoner generally must be provided "with notice of the deficiencies of his or her complaint and an opportunity to amend the complaint prior to dismissal." *McGucken v. Smith*, 974 F.2d 1050, 1055 (9th Cir. 1992) *overruled on other grounds, WMX Technologies, Inc. v. Miller,* 104 F.3d 1133, 1136 (9th Cir.1997) (en banc). Leave to amend need not be granted where

1  "amendment would be futile or where the amended complaint would be subject to dismissal."
2  *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991).

3      B.    *Federal Rule of Civil Procedure 8(a)*

4  For a pleading to state a claim for relief, it must contain a short and plain statement of
5  the grounds for the court's jurisdiction and a short and plain statement of the claim showing that
6  the pleader is entitled to relief. Federal Rule of Civil Procedure (FRCP) 8(a). The statement of
7  the claim must be sufficient to "give the defendant fair notice of what the plaintiff's claim is and
8  the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957), *abrogated on other*
9  *grounds, Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *In re Marino*, 37 F.3d 1354,
10  1357 (9th Cir. 1994). The factual allegations of a complaint must be "enough to raise a right to
11  relief above the speculative level." *Twombly*, 550 U.S. 544, 555 (2007). In addition, a complaint
12  must allege facts to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S.
13  662, 678 (2009).

14      C.    *Plaintiff's Proposed Civil Rights Complaint*

15  To state a Section 1983 claim, a plaintiff must: (1) allege his or her federal constitutional
16  or statutory rights were violated, and (2) show a person acting under color of state law deprived
17  him or her of those rights. *Naffe v. Frey*, 789 F.3d 1030, 1035-36 (9th Cir. 2015). Section 1983 is
18  the appropriate avenue to remedy an alleged wrong only if both elements are present. *Stein v.*
19  *Ryan*, 662 F.3d 1114 (9th Cir. 2011); *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985).

20  A plaintiff must show the defendants personally participated in the alleged deprivation of
21  federal constitutional or statutory rights. *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002).
22  That is, the plaintiff must allege the defendants, through their individual actions, violated those
23  rights. *OSU Student Alliance v. Ray*, 699 F.3d 1053, 1069 (9th Cir. 2012).

24

1       A person deprives another "of a constitutional right, within the meaning of Section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that *causes* the deprivation of which [the plaintiff complains]." *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988) (emphasis in the original) (citation omitted).

      Plaintiff's proposed complaint is difficult to decipher, vague, and insufficient to put the purported defendants on notice of plaintiff's claims and the grounds upon which they rest. For example, plaintiff generally alleges that Jeremy Turner, along with named defendants Stephen Bolinger and Damon Brown are enforcing "unconstitutional laws." Dkt. 1-1, p. 3. But plaintiff fails to sufficiently allege any of these individuals are state actors, as he does not indicate what official positions, if any, they occupy. Nor does plaintiff state how any of their individual actions caused plaintiff constitutional harm.

      Plaintiff also makes reference to the unconstitutionality of the Prison Rape Elimination Act (PREA), as well as RCW Chapter 9.94A, Washington's Sentencing Reform Act. *Id.* This general statement regarding the unconstitutionality of state and federal laws again is wholly insufficient to show how individually named defendants violated plaintiff's rights. In addition, PREA cannot serve as a basis for plaintiff's private cause of action, as PREA lacks any express private remedy, and plaintiff has not shown Congress intended to create one implicitly. *Denton v. Pastor, et al*, Case No. 3:17-cv-05075-BHS-TLF (Dkt. 79); *Hatcher v. Harrington*, 14-00554 JMS/KSC, 2015 WL 474313, at *5 (D. Haw. Feb. 5, 2015); *Suter v. Artist M.*, 503 U.S. 347, 363 (1992).

      Plaintiff alleges he is dealing with psychological issues due to Department of Corrections staff and its agents using web addresses for mind, stress and behavior control. Dkt. 1-1, p. 3.

REPORT AND RECOMMENDATION - 4

1   Plaintiff offers no factual basis for this allegation other than a web link he has written out in his
2   complaint. *Id.*

3   Plaintiff also alleges a "C/O Jones" broke the law by opening a letter plaintiff wrote to
4   "PREA HQ," and read it to all "A-Seg Staff." *Id.* at pp. 3-4. Plaintiff does not include C/O Jones
5   in the caption of his complaint or otherwise indicate an intent to name him as a defendant. And
6   as just noted, plaintiff has no private cause of action based on a violation of PREA.

7   In addition, while inmates enjoy "a First Amendment right to send and receive mail",
8   *Nordstrom v. Ryan*, 856 F.3d 1265, 1272 (9th Cir. 2017) (citation omitted), this right is subject to
9   "substantial limitations and restrictions in order to allow prison officials to achieve legitimate
10  correctional goals and maintain institutional security," *Prison Legal News v. Lehman*, 397 F.3d
11  692, 699 (9th Cir. 2005) (citation omitted). Plaintiff's complaint fails to set forth facts sufficient
12  to allege C/O Jones accessed his mail for illegitimate reasons.

13  Plaintiff alleges that he found a "link" depicting images of DOC "in sex acts," and that
14  mental health staff are making comments about how he is lying and exaggerating his symptoms.
15  Dkt. 1-1, at p. 4. He makes a further general allegation of retaliation, nepotism, and cover up,
16  loss of financial assets, and getting a "3rd off good time." *Id.* These conclusory allegations set
17  forth no specific facts against individually named defendants, and thus fail to state a claim upon
18  which relief may be granted.

19  Plaintiff alleges defendant Brown "was getting payments through credits by playing
20  games on his phone." Dkt. 1-1, p. 5. It is not clear what, if any, constitutional or statutory right
21  defendant Brown allegedly violated here.

22  Plaintiff further alleges defendant Brown violated his community custody by making him
23  "do 24 months day for day" without any good time or a lawyer present. *Id.* at p. 5. Plaintiff also
24

1  refers to getting 24 months back in prison, which amounts to double jeopardy. *Id.* These claims
2  lack specificity regarding for example, when and indeed exactly what defendant Brown did or
3  failed to do in relation to plaintiff's community custody, good time, or time in prison status, and
4  how whatever defendant Brown personally did harmed plaintiff.

5  The claims – particularly the double jeopardy claim – also call into question the fact or
6  duration of plaintiff's incarceration. Yet a writ of habeas corpus is "the exclusive remedy" for
7  state prisoners challenging the fact or duration of their confinement and who seek "immediate or
8  speedier release." *Heck v. Humphrey*, 512 U.S. 477, 481 (1994); *Neal v. Shimoda*, 131 F.3d 818,
9  824 (9th Cir. 1997). If plaintiff were to succeed on his claim that being kept longer in prison
10 violated his right to be free of double jeopardy, this would necessarily demonstrate the invalidity
11 of his confinement or its duration, and thereby bar that claim. *Wilkinson v. Dotson*, 544 U.S. 74,
12 81-82 (2005).

## RECOMMENDATION

14 Plaintiff's proposed complaint (Dkt. 1-1) is frivolous and fails to state a claim upon
15 which relief may be granted. Accordingly, the Court should dismiss the proposed complaint prior
16 to granting plaintiff IFP status.

17 If plaintiff decides to proceed with this matter, the Court should require him to pay the
18 filing fee and file an amended complaint within thirty (30) days of the Court's adoption of this
19 Report and Recommendation. Plaintiff should be directed that the amended complaint must
20 contain a short statement of each claim against each named defendant and correct the other
21 deficiencies noted above. Plaintiff also should be directed that failure either to pay the filing fee
22 or file an amended complaint will result in dismissal without further order of the Court.

1    Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure (FRCP) 72(b), the

2 parties shall have **fourteen (14) days** from service of this Report to file written objections. *See*

3 *also* FRCP 6. Failure to file objections will result in a waiver of those objections for purposes of

4 de novo review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C). Accommodating the time

5 limit imposed by FRCP 72(b), the clerk is directed to set the matter for consideration on **March**

6 **8, 2019**, as noted in the caption.

    Dated this 13th day of February, 2019.

                                    *Theresa L. Fricke*
                                    Theresa L. Fricke
                                    United States Magistrate Judge